TELEC CABLE CONSTRUCTION
COMPANY, INC., Appellee,

v.

ACCURATE CABLE TV,
INC., Appellant.

No. 84–2248.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1985.

Decided Sept. 26, 1985.

Paul C. Hetterman, St. Louis, Mo., for appellant.

Michael B. Stern, Clayton, Mo., for appellee.

Before ROSS and JOHN R. GIBSON, Circuit Judges, and COLLINSON,* District Judge.

COLLINSON, Senior District Judge. *

Plaintiff/appellee, Telec Cable Construction Company, Inc., an Illinois corporation filed its complaint for damages for breach of contract against the defendant/appellant Accurate Cable TV, Inc. in the United States District Court, Eastern District of Missouri, Eastern Division, on May 10, 1983. Appellant is a corporation duly organized and existing pursuant to the laws of the State of Missouri, with its primary place of business in a state other than the State of Illinois. On February 6, 1984, the parties consented in writing to have this case tried by a United States magistrate

---

* The Honorable William R. Collinson, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

pursuant to 28 U.S.C. § 636(c).[1] The case was heard by the Court, without a jury, on April 16, 1984. Based on the magistrate's findings of fact and conclusions of law, judgment was entered against the defendant and in favor of the plaintiff in the amount of sixteen thousand nine hundred ninety-one and 80/100 dollars ($16,991.80) plus costs. Following the filing of the magistrate's findings of fact and conclusions of law, the defendant/appellant, on July 5, 1985, requested new findings of fact and conclusions of law or in the alternative, a new trial. Defendant's motion was denied on August 24, 1984. Judgment was thereby final and this appeal followed.

The trial court was able to examine and evaluate the copies of the contracts introduced into evidence by the parties as well as the testimony of the principal agents for the parties. The trial court concluded that the parties entered into two separate agreements to install cable television equipment in the Cedar Run and the Waterford West apartment buildings. The contracts entered into by the parties constituted a "piece work" contract which made it impossible to determine the ultimate contract price until all the work was performed. Plaintiff submitted weekly invoices for work completed and in return defendant was obligated to pay those invoices on a weekly basis. Furthermore, defendant breached that contract when it failed to pay submitted invoices and by not allowing plaintiff to perform the inside work called for by the contract. The trial court also determined that Robert Moran was an agent of the defendant Accurate Cable TV, Inc. in all of the negotiations and subsequent followup work by the plaintiff. Thus, the defendant was obligated to pay

for strand maps (blueprints of cable outlets for each apartment) requested by its agent Moran.

Appellant makes no real claim of error with respect to the trial court's application of the law as such. Appellant seeks relief in this Court based on the following alleged errors by the trial court: (1) the trial court erred in its findings of fact that the parties entered into two "piece work" contracts that included provisions for inside labor because this finding was clearly against the weight of the evidence; (2) that the trial court erred in holding there was not a valid modification of contract because the modification was not supported by adequate consideration; and, (3) that the trial court erred in finding that appellant, acting through its agent Robert Moran, ordered the preparation of strand maps without sufficient evidence to establish an agency relationship between appellant and its agent.

Appellant's only contention that the court erred in its conclusions of law is based upon the court's finding that "to modify effectively a valid executory contract, the modification terms must affect the rights and obligations of both parties, not just one of the parties." *Willhite v. Marlow Adjustment, Inc.*, 623 S.W.2d 254, 260–61 (Mo.Ct.App.1981); *S.G. Adams Printing & Stationery Co. v. Central Hardware Co.*, 572 S.W.2d 625, 628 (Mo.Ct. App.1978). Appellant argues on appeal that there was adequate consideration on the part of both parties to have validly modified the contracts. We find it unnecessary to pass on the above conclusion of law by the trial court. The trial court's finding of facts numbered 14 through 16 [2]

---

**1.** The memorandum opinion, including the findings of facts and conclusions of law, was entered on June 25, 1984, by the Honorable Robert D. Kingsland, United States Magistrate for the United States District Court, Eastern District of Missouri.

**2.** The magistrate found the following facts concerning the modification of the contract to be true:

    14. After the signing of the original contract, the parties met—the plaintiff being represented by Michael Raney, the defendant being represented by Bob Reed and Bob Moran. It is defendant's contention that at that meeting there was an agreement made as to the amounts that were due to the plaintiff. Defendant further contends that a set price under that contract was arrived at prior to any work being performed. Copies of that summary appear on defendant's purported copies of the contract but do not appear on plaintiff's copy.

reveal that the "hand-written summary," which only appears on the defendant's copies of the contracts, was never agreed to by the plaintiff. In an additional conclusion of law, the trial court correctly stated that "[i]n order for a party to modify a contract, the modification must have been entered into with knowledge and consent of both parties."

. The trial court found that the plaintiff had never agreed to a subsequent change from the original "piece work" contract. Plaintiff submitted weekly invoices to the defendant under the terms of the agreement and was to receive weekly payments in return. Plaintiff's and defendant's copies of the contracts in question differ in regard to a handwritten summary located on the bottom of defendant's purported copies of the contracts which do not appear on plaintiff's copies. Appellant argues that the handwritten summary on defendant's copies of the contracts specified a sum certain to be paid to plaintiff. In the final analysis, appellant's appeal is from the United States magistrate's factual conclusions.

██ The Supreme Court has reminded us in its recent decision in *Anderson v. Bessemer City,* — U.S. ——, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985), that appellate review of the trial court factual findings is limited to a "clearly erroneous" standard. Rule 52(a) Fed.R.Civ.P. provides that "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." In fact, on August 1, 1985, this standard was clarified to reflect that the findings should not be set aside unless clearly erroneous whether based on oral or documentary evidence. Rule 52(a) Fed.R.Civ.P. (effective Aug. 1, 1985). Under this standard, if the trial court's account of the evidence is plausible in the light of the record viewed in its entirety, a court of appeals may not reverse the trial court even though convinced that had it been sitting as a trier of fact, it would have weighed the evidence differently. *Anderson,* 105 S.Ct. at 1512. "This is so even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts." *Id.* at 1512; *Phillips v. Program Resources, Inc.,* 767 F.2d 929, slip op. at 2 (8th Cir.1985) (per curiam).

██ As we stated before, the trier of fact properly reviewed the evidence and evaluated the credibility of the witnesses, many of whom were agents for the parties involved, and arrived at his findings of fact. The record in this case amply supports the magistrate's findings of fact. He did not commit clear error in finding that the parties had entered into two "piece work" contracts that obligated the defendant to allow the plaintiff to complete the "inside work." It was not implausible for the magistrate to find that the contract had not been modified by the parties. Furthermore, under the circumstances in this case, there was more than sufficient evidence for the trial court to find that Mr. Moran was an actual agent for the defendant corporation and working under the directions of defendant's corporate president, Robert Reed. It is the lower court's responsibility to review the evidence and evaluate the credibility of the witnesses. We, on the other hand, have carefully reviewed the record and briefs submitted by the parties, and are unable to say that any of the United States magistrate's factual findings—either ultimate or underlying—are "clearly erroneous." We therefore affirm

15. Defendant's copies of the contract have been changed subsequent to the signing by the elimination of a figure for inside labor. That was never changed on plaintiff's copies which were signed by all parties.

16. Plaintiff's copies of the contract show the original contract terms. Defendant's copies of the contracts show alterations in those terms which are not consistent with the plaintiff's contracts, nor do they appear thereon. Defendant's contracts, it was admitted, were changed subsequent to their signing (with respect to the inside labor costs) and further, that the copies of the contracts were signed prior to being submitted to the defendant.

the judgment of the United States magistrate.